# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRO S. PEREZ,<br><br>   Plaintiff,<br><br>   v.<br><br>A, SMITH, et al.,<br><br>   Defendants. | Case No.: 1:20-cv-00840-DAD-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY RESPONSES<br><br>(ECF No. 45) |

Plaintiff Sandro S. Perez is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion to compel, filed August 24, 2021.

## I.

## RELEVANT BACKGROUND

This action is proceeding against Defendants A. Smith, D. Schuller, G. Nwachukwu, J. Burell, V. Giannandrea, J. Trujillo-Villa, J. Szalai, J. Alvarez for failure to protect Plaintiff from an inmate attack on December 18, 2018, in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on December 21, 2020.

On December 22, 2020, the Court issued the discovery and scheduling order. After an unsuccessful settlement conference, the Court amended the discovery and scheduling order on March 17, 2021.

1

On August 24, 2021, Defendants filed the instant motion to compel. Plaintiff did not file an opposition and the time to do has now passed. Local Rule 230(l).

## II.
## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 25. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

///
///

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

///
///
///
///
///

## III.

## DISCUSSION

Defendants seek to compel responses to their discovery requests which were served on June 22, 2021. Defendants submit that the discovery requests were served on Plaintiff at the last address provided to the Court and counsel, which was confirmed by the California inmate website. (ECF No. 1; Sloan Decl. ¶ 1, Ex. A.) The discovery requests were not returned to Defendants as undeliverable or otherwise. (Sloan Decl. ¶ 2.) Thus, Plaintiff's responses were due on or before August 9, 2021 (45 days plus three days for mailing). (ECF Nos. 25, 37; Sloan Decl. ¶ 1.) Defendants submit that they have not received a response from Plaintiff and although Plaintiff requested an extension of the dispositive motion deadline, no request for an extension of time to respond to the discovery requests was filed.

Pursuant to Federal Rule of Civil Procedure 34, a "party may serve on any other party a request within the scope of Rule 26(b)" for production of documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). The requesting party "is entitled to individualized, complete responses to each of the [Requests for Production] ..., accompanied by production of each of the documents responsive to the request, regardless of whether the documents have already been produced." Louen v. Twedt, 236 F.R.D. 502, 505 (E.D. Cal. 2006). Failure to object to requests for production of documents within the time required constitutes a waiver of any objection. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

Here, it is clear that Plaintiff has entirely failed to respond to Defendants' requests for production of documents and did not seek an extension of time to do so. Furthermore, Plaintiff has failed oppose the instant motion, which is the Court deems as consent to granting the motion to compel. Accordingly, Defendants' motion to compel shall be granted, and Plaintiff will be directed to provide responses to the discovery requests, without objection.

///

///

///

///

## IV.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Defendants' motions to compel, filed on August 24, 2021 (ECF No. 45) is granted; and
2. Within **thirty (30)** days from the date of service of this order, Plaintiff shall file responses to Defendants' requests for production of documents, without objection, along with copies of a responsive documents.

IT IS SO ORDERED.

Dated: **September 29, 2021**

UNITED STATES MAGISTRATE JUDGE