1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9              **EASTERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| SANDRO S. PEREZ, | Case No.: 1:20-cv-00840-DAD-SAB (PC) |
| Plaintiff, | |
| v. | ORDER REGARDING DEFENDANTS' MOTION FOR SANCTIONS AND/OR EXPENSES |
| A, SMITH, et al., | (ECF No. 48) |
| Defendants. | |

Plaintiff  Sandro S. Perez is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for sanctions, filed November 10, 2021. (ECF No. 48.)

## I.

## BACKGROUND

This action is proceeding against Defendants A. Smith, D. Schuller, G. Nwachukwu, J. Burell, V. Giannandrea, J. Trujillo-Villa, J. Szalai, J. Alvarez for failure to protect Plaintiff from an inmate attack on December 18, 2018, in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on December 21, 2020.

///

///

1

1    On December 22, 2020, the Court issued the discovery and scheduling order.  After an

2  unsuccessful settlement conference, the Court amended the discovery and scheduling order on March

3  17, 2021.

4    On August 24, 2021, Defendants filed a motion to compel responses to their discovery requests

5  which were served on June 22, 2021.  Defendants' motion to compel was granted on September 29,

6  2021, and Plaintiff was ordered to provide responses to Defendants' requests for production of

7  documents, without objection, along with copies of a responsive documents within thirty days.  (ECF

8  No. 47.)

9    As previously stated, on November 10, 2021, Defendants filed a motion for sanctions.  (ECF

10  No. 48.)  Plaintiff filed an opposition on January 3, 2022, and Defendants filed a reply on January 25,

11  2022.  (ECF Nos. 59, 63.)

12                                           **II.**

13                                      **DISCUSSION**

14    The discovery process is subject to the overriding limitation of good faith, and callous

15  disregard of discovery responsibilities cannot be condoned.  <u>Asea, Inc. v. Southern Pac. Transp. Co.</u>,

16  669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain

17  discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

18  proportional to the needs of the case, considering the importance of the issues at stake in the action,

19  the amount in controversy, the parties' relative access to relevant information, the parties' resources,

20  the importance of the discovery in resolving the issues, and whether the burden or expense of the

21  proposed discovery outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).

22    Pursuant to Federal Rule of Civil Procedure 34, a "party may serve on any other party a request

23  within the scope of Rule 26(b)" for production of documents "in the responding party's possession,

24  custody, or control." Fed. R. Civ. P. 34(a).  The requesting party "is entitled to individualized,

25  complete responses to each of the [Requests for Production] ..., accompanied by production of each of

26  the documents responsive to the request, regardless of whether the documents have already been

27  produced." <u>Louen v. Twedt</u>, 236 F.R.D. 502, 505 (E.D. Cal. 2006).  Failure to object to requests for

28

production of documents within the time required constitutes a waiver of any objection. See Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992).

Broad sanctions may be imposed against a person or party for failure to obey a prior court order compelling discovery. Rule 37(b)(2) of the Federal Rules of Civil Procedure provides that if a party fails to obey an order to provide or permit discovery, the Court may issue further just orders, which may include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence. Fed. R. Civ. P. 37(b)(2)(A). The Court also may dismiss the action or proceeding in whole or in part. Id. Dismissal and default are such drastic remedies, they may be ordered only in extreme circumstances -- i.e., willful disobedience or bad faith. In re Exxon Valdez, 102 F.3d 429, 432 (9th Cir. 1996). Even a single willful violation may suffice depending on the circumstances. Valley Eng'rs Inc. v. Elec. Eng'g Co., 158 F.3d 1051, 1056 (9th Cir. 1998) (dishonest concealment of critical evidence justified dismissal).

Additionally, Local Rule 110 provides that "[f]ailure ... of a party to comply ... with any order of the Court may be grounds for imposition by the Court of any and all sanctions ... within the inherent power of the Court." Id. District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal." Thompson v. Hous. Auth., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam). Terminating sanctions may be warranted where "discovery violations threaten to interfere with the rightful decision of the case." Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1097 (9th Cir. 2007).

District courts retain broad discretion to control their dockets and "[i]n the exercise of that power they may impose sanctions, including where appropriate, default or dismissal." Adams v. California Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (brackets in original) (quoting Thompson, 782 F.2d at 831). "[C]ourts have inherent power to dismiss an action when a party has willfully deceived the court and engaged in conduct utterly inconsistent with the orderly administration of justice." Fjelstad v. American Honda Motor Co., Inc., 762 F.2d 1334, 1338 (9th Cir. 1985) (internal quotations and citation omitted); see, e.g., Anheuser-Busch, Inc. v. Natural Beverage Distrib., 69 F.3d 337, 348 (9th Cir. 1995) (upholding dismissal where party engaged in deceptive practices that undermined the integrity of the proceedings). But such a harsh penalty "should be

3

imposed as a sanction only in extreme circumstances." Thompson, 782 F.2d at 831 (citing Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). Courts have dismissed an action with prejudice for various reasons. See e.g., Malone v. United States Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson, 779 F.2d at 1424 (dismissal for failure to prosecute and for failure to comply with local rules); Sanchez v. Rodriguez, 298 F.R.D. 460, 464 (C.D. Cal. 2014) (applied terminating sanctions for pro se plaintiff's failure to respond to discovery requests).

Accordingly, the Ninth Circuit permits imposition of such terminating sanctions only after the district court has weighed: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Thompson, 782 F.2d at 831; Conn. Gen. Life Ins. Co., 482 F.3d at 1096 ("Only 'willfulness, bad faith, and fault' justify terminating sanctions.") (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)).

A party show prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney's fees, unless the losing party was substantially justified in making or opposing the motion, or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5); H.K. Porter Co. Inc. v. Goodyear Tire & Rubber Co., 536 F.2d 1115, 1124-25 (6th Cir. 1976). An award of expenses does not require a showing of willfulness or improper intent; rather, the standard is whether there is substantial justification for the losing party's conduct. Fed. R. Civ. P. 37(a).

Plaintiff is a pro se prisoner, and the Court is mindful of precedent directing lenience in the interpretation of Plaintiff's pleadings. The pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Such lenience is important in a civil rights case, where "the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt." Karim-Panahi v. L.A. Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (The rule of liberal construction is "particularly important in civil rights cases."). Nevertheless, while courts construe pleadings liberally in favor of pro se litigants, pro se plaintiffs remain bound by the

applicable procedural rules. <u>See</u> <u>Ghazali v. Moran</u>, 46 F.3d 52, 54 (9th Cir. 1995); <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) (<u>overruled on other grounds by</u> <u>Lacey v. Maricopa Cnty.</u>, 693 F.3d 896 (9th Cir. 2012)). "A party's lack of counsel may be considered in evaluating the willfulness of discovery violations and the failure to obey orders and in weighing the other factors regarding dismissal, but pro se status does not excuse intentional noncompliance with discovery rules and court orders." <u>Sanchez</u>, 298 F.R.D. at 470 (collecting cases).

Here, Defendants seek monetary sanctions against Plaintiff for Defendants' costs incurred and request dismissal of the action with prejudice under Federal Rule of Civil Procedure 37(b)(2)(A). Defendants previously filed a motion to compel after Plaintiff failed to provide discovery responses, which was granted on September 29, 2021.  (ECF No. 47.)  Plaintiff was ordered to provide responses to Defendants' discovery requests within thirty days.  (<u>Id.</u> at 4-5.)  Plaintiff also did not respond to Defendants' requests for admissions.  (Sloan Decl. ¶¶ 1, 4.)  As of the date the motion for sanctions was filed, Defendants did not receive responses to their requests for production or requests for admissions.  (<u>Id.</u> ¶ 7.)  Thus, Plaintiff failed to respond to Defendants' written discovery requests and then failed to comply with the court order directing him to respond.

In his opposition, Plaintiff contends that he was not properly served with the discovery requests and motion to compel.  (ECF No. 50.)  Plaintiff specifically contends he was transferred from CDCR custody to the Los Angeles County Jail on June 28, 2021, prior to being served with Defendants' discovery requests.  (<u>Id.</u> at 1.)  Plaintiff "was held in a reception area for two weeks following his arrival at the jail with no access to mail."  (<u>Id.</u>)  On July 29, 2021, Plaintiff filed a notice of change of address.  (ECF No. 42.)  Plaintiff contends that he did not receive notice of the discovery requests until Defendants filed the motion to compel on August 24, 2021.  (<u>Id.</u>)  Plaintiff filed an inmate request form on September 5, 2021, for access to the jail law library in order to make copies to fulfill Defendants' request, but the request was ignored.  (<u>Id.</u> at 1-2.)  Plaintiff filed a second request on October 6, 2021, but it was also ignored.  (<u>Id.</u> at 2.)  On October 18, 2021, Plaintiff filed an inmate grievance regarding the refusal to allow him access to the law library to make the necessary copies. (<u>Id.</u>)  Plaintiff was then returned to CDCR custody on November 2, 2021.  However, Plaintiff was able to have his criminal attorney make copies which was mailed to Defendants on or about October 27,

2021.  (Id.)  Plaintiff argues that Defendants "have sought to take advantage of Plaintiff's temporary dislocation, knowing he would be unable to respond adequately and in a timely manner to their requests."  (Id. at 4.)

Local Rule 182(f) provides that all parties are under a continuing duty to notify the Clerk and all other parties of any change of address.  "Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective."  Local Rule 182(f).  A party's failure to inform the court of a change of address may result in the imposition of sanctions including dismissal of the action.  Koch v. Jones, No. 2:18-cv-02581 CKD P, 2019 WL 11851704, at *3 (E.D. Cal. June 26, 2019).

Contrary to Plaintiff's contention, Defendants adequately serve Plaintiff with the discovery requests at his address of record, and Plaintiff failed to comply with the Local Rules in updating his address.  Local Rule 182(f).  However, based on Plaintiff's representations and the lack of evidence to the contrary, the Court finds that dismissal of the action as a sanction is not warranted because there is no evidence that Plaintiff willfully failed to respond to the discovery requests.  Further, the Court does not find that monetary sanctions should be imposed given the justification provided by Plaintiff.  Although Plaintiff submitted and Defendants received responses to the discovery requests on November 15, 2021, Defendants submit that the responses are "entirely inadequate" and "include a boilerplate response to a majority of Defendants' requests: 'Plaintiff plans to depose inmate and custody witnesses.  Plaintiff's current housing has greatly limited his ability to obtain/provide witness statements.'"[1]  (ECF No. 52 at 2.)  Thus, Plaintiff's failure to adequately respond to Defendants' responses in compliance with the Court's September 29, 2021 order, he will be ordered to provide further responses to Defendant Alvarez's requests for production of documents, without objection, and the requests for admissions will be deemed admitted.

///

---

[1] If Plaintiff intends to state he has no documents responsive to Defendants' requests, he must state so and provide that he has conducted a reasonable and diligent search to find any responsive documents.  Fed. R. Civ. P. 26(g); Chinacast Educ. Corp. v. Chen Zhou Guo, No. 2:15-CV-05475-AB-E, 2018 WL 7448913, at *4 (C.D. Cal. Dec. 28, 2018) (quoting Medina v. Multaler, Inc., No. CV 06-00107 MMM (AJWx), 2007 WL 5124009, at *2 (C.D. Cal. Feb. 7, 2007)).

Based on the foregoing, it is HEREBY ORDERED that:

1.      Defendants' motion for terminating sanctions and/or expenses is denied;

2.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall provide responses to Defendant Alvarez's requests for production of documents without objection, and Defendant Alvarez's requests for admission are deemed admitted under Federal Rule of Civil Procedure 36(a).

IT IS SO ORDERED.

Dated:   **February 2, 2022**

UNITED STATES MAGISTRATE JUDGE