# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRO S. PEREZ,<br><br>    Plaintiff,<br><br>    v.<br><br>A. SMITH, et al.,<br><br>    Defendants. | Case No. 1:20-cv-00840-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO CONTINUE CONSIDERATION OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, REQUEST TO REOPEN DISCOVERY, AND SUA SPONTE GRANTING PLAINTIFF ADDITIONAL TIME TO FILE AN OPPOSITION<br><br>(ECF No. 72) |

Plaintiff Sandro S. Perez is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to continue consideration of Defendants' motion for summary judgment and request to reopen discovery, filed June 10, 2022.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants A. Smith, D. Schuller, G. Nwachukwu, J. Burell, V. Giannandrea, J. Trujillo-Villa, J. Szalai, J. Alvarez for failure to protect Plaintiff from an inmate attack on December 18, 2018, in violation of the Eighth Amendment.

Defendants filed an answer to the complaint on December 21, 2020.

///

///

1

1  On December 22, 2020, the Court issued the discovery and scheduling order.  After an unsuccessful settlement conference, the Court amended the discovery and scheduling order on March 17, 2021.

On August 24, 2021, Defendants filed a motion to compel responses to their discovery requests which were served on June 22, 2021.  Defendants' motion to compel was granted on September 29, 2021, and Plaintiff was ordered to provide responses to Defendants' requests for production of documents, without objection, along with copies of responsive documents within thirty days.  (ECF No. 47.)

On November 10, 2021, Defendants filed a motion for sanctions.  (ECF No. 48.)  Plaintiff filed an opposition on January 3, 2022, and Defendants filed a reply on January 25, 2022.  (ECF Nos. 59, 63.)  On February 2, 2022, the Court denied Defendants motion for sanctions, but Plaintiff was directed to provide responses to Defendant Alvarez's requests for production of documents without objection, and Defendant Alvarez's requests for admission were deemed admitted.  (ECF No. 64.)

On December 27, 2021, Plaintiff filed a motion for an extension of the discovery deadline.  (ECF No. 56.)  Defendants filed an opposition on January 18, 2022.  (ECF No. 62.)  On February 11, 2022, Plaintiff's motion to extend the discovery deadline was denied, finding Plaintiff failed to demonstrate good cause and did not act diligently.  (ECF No. 65.)  The Court also found that Plaintiff's limited access to the law library and lack of adequate time did not absolve him of his lack of diligent.  (Id.)

On April 22, 2022, Defendants filed a motion for summary judgment on the merits of Plaintiff's claims.  (ECF No. 68.)  On May 6, 2022, Plaintiff filed a motion to extend the time to file an opposition, which was granted on May 9, 2022.  (ECF Nos. 70, 71.)

In lieu of filing an opposition, Plaintiff filed the instant motion to continue consideration of Defendants' motion for summary judgment and request to reopen discovery on June 10, 2022.  Defendants filed an opposition on July 15, 2022, and Plaintiff did not file a reply.  (ECF No. 74); Local Rule 230(l).

///

## II.

## DISCUSSION

### A. Motion to Continue Consideration of Defendants' Motion

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a motion for summary judgment], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). "The purpose of Rule 56(d) relief is to prevent the nonmoving party from being 'railroaded' by a summary judgment motion that is filed too soon after the start of a lawsuit for the nonmovant to properly oppose it without additional discovery." Hollyway Cleaners & Laundry Co., Inc. v. Cent. Nat'l Ins. Co. of Omaha, Inc., 219 F. Supp. 3d 996, 1003 (C.D. Cal. 2016) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986)); see also Weinberg v. Whatcom Cnty., 241 F.3d 746, 751 (9th Cir. 2001) ("[Rule 56(d)] thus protects parties from a premature grant of summary judgment.") (citing 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2740 (3d ed. 1998)).

"A party requesting a continuance pursuant to Rule [56(d)] must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City and Cnty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006); Nidds v. Schindler Elevator Corp., 113 F.3d 912, 921 (9th Cir. 1996) ("The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment.") (internal citation omitted); cf. Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1991) (Rule 56(d) affidavit must "include the nature of the uncompleted discovery; how the facts sought are reasonably expected to create a genuine issue of material fact; what efforts the affiant has made to obtain those facts; and why those efforts were unsuccessful").

The "[f]ailure to comply with the requirements of Rule [56(d)] is a proper ground for denying discovery and proceeding to summary judgment." Brae Transp., Inc. v. Coopers & Lybrand, 790 F.2d 1439, 1443 (9th Cir. 1986); accord United States v. Kitsap Physicians Serv.,

314 F.3d 995, 1000 (9th Cir. 2002); see also Weinberg, 241 F.3d at 751 (plaintiff's "request in his memorandum in opposition to the Count's motion for summary judgment that the district court allow him" additional time to file an expert report, without previously having filed a Rule 56(d) motion, "was plainly inadequate"). Furthermore, "[t]o prevail on a Rule 56(d) motion, the movant must also show diligence in previously pursuing discovery." Painsolvers, Inc. v. State Farm Mut. Auto. Ins. Co., 732 F. Supp. 2d 1107, 1124 (D. Haw. 2010); Conkle v. Jeong, 73 F.3d 909, 914 (9th Cir. 1995) ("[T]he district court does not abuse its discretion by denying further discovery [under Rule 56(d)] if the movant has failed diligently to pursue discovery in the past.") (internal quotation marks omitted).

Here, Defendants' summary-judgment motion was filed after discovery closed. (ECF Nos. 41, 68.) As this Court has previously determined, Plaintiff failed to act diligently in pursuing discovery while it was open. (ECF No. 65.) In fact, there is no evidence before the Court that Plaintiff even tried to pursue the testimony he now wishes to obtain before the discovery cut-off date. In his motion, Plaintiff does not describe his efforts to take any depositions while discovery was open, or even to secure a declaration from any of his purported witnesses. As such, Plaintiff cannot show diligence. Furthermore, the only objective evidence Plaintiff submits to support his lack of access are request forms, to another entity, over which Defendants have no control. Indeed, the requests are to the County of Los Angeles Sheriff's Department and dated in 2021. However, there is no indication that the requests were submitted or received and/or whether Plaintiff received a response. Plaintiff's *pro se* status will not excuse the lack of diligence, as *pro se* litigants routinely pursue discovery and are responsible for prosecuting their cases. The Court declines to reward Plaintiff's apparent lack of diligence in pursuing his claims and declines to reopen discovery under Rule 56(d).

### B. Motion to Reopen Discovery

Pursuant to Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also Green Aire for Air Conditioning W.L.L. v. Salem, No. 1:18-cv-00873-LJO-SKO, 2020 WL 58279, at *3

(E.D. Cal. Jan. 6, 2020). ("Requests to modify a scheduling order are governed by Rule 16(b)(4), which provides that a court may modify a scheduling order 'only for good cause.' "). As the Ninth Circuit has explained:

> In these days of heavy caseloads, trial courts in both the federal and state system routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with the scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1060 (9th Cir. 2005); see also Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' ") (citation omitted).

Good cause requires a showing of due diligence. Johnson, 975 F.2d at 609; Sprague v. Fin. Credit Network, Inc., No. 1:18-cv-00035-SAB, 2018 WL 4616688, at *4 (E.D. Cal. Sept. 25, 2018) ("[Good cause] requires the party to show that despite due diligence the scheduled deadline could not be met.")). For example, good cause may be found where the moving party shows that it was diligent in assisting the Court in creating a workable scheduling order, that it is unable to comply with the scheduling order's deadlines due to matters not reasonably foreseeable at the time the scheduling order issued, and that it was diligent in seeking a modification once it became apparent it could not comply with the scheduling order. Jackson v. Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999). The party seeking to modify a scheduling order bears the burden of demonstrating good cause. Handel v. Rhoe, No. 14-cv-1930-BAS(JMA), 2015 WL 6127271, at *2 (S.D. Cal. Oct. 16, 2015) (citing Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002); Johnson, 975 F.2d at 608-609.)

Plaintiff has failed to demonstrate good cause to reopen discovery. Plaintiff seeks to depose inmates Quezada and Gallindo and Dr. Kushaba and to obtain a copy of the transcripts from the settlement conference held on March 16, 2021. Defendants argue that Plaintiff is seeking to reopen discovery to go on a "fishing expedition" and the Court agrees.

With regard to deposing inmate Quezada, admitted that he has never talked to Quezada and everything he has heard is "prison gossip." (Declaration of Daniel Duan (Duan Decl.) Ex. A.) Plaintiff acknowledged the "gossip" is from two "unnamed" inmates. (Id.) Neither of the two inmates heard Quezada discussing attacking Plaintiff to others. (Id.) Rather, one inmate talked to Quezada, but he did not hear Quezada tell correctional staff that he planned to hurt someone. (Id.) One of the inmates allegedly overheard Quezada tell two officers only that he did not want to be here. (Id.) Plaintiff has provided nothing more than speculation as to what inmate Quezada may provide by way of deposition.

Likewise, with regard to depose inmate Galindo, Plaintiff has admitted that Galindo does not have knowledge of whether Quezada talked to officer beforehand, or that Quezada was a threat to Plaintiff. (Id.)

With respect to depose mental health provider, Dr. Kushaba, and the transcript of the settlement conference, Plaintiff contention that such evidence will prove that Defendants joked about the altercation after it occurred does not, alone, demonstrate good cause. This is particularly so since the settlement discussions are confidential and the settlement judge was not a finder of fact. Accordingly, Plaintiff has failed to demonstrate good cause to reopen discovery. In the interest of justice, the Court will *sua sponte* grant Plaintiff an extension of time to file an opposition.

### III.
### ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to continue consideration of Defendants' summary-judgment motion and request to open discovery (ECF No. 72) is DENIED; and

///
///
///
///
///

2. Plaintiff is granted thirty (30) days from the date of service of this order to file an opposition to Defendants' motion for summary judgment. No further extensions of time will be granted, absent extraordinary circumstances, not present here.

IT IS SO ORDERED.

Dated: **August 9, 2022**

UNITED STATES MAGISTRATE JUDGE