UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRO S. PEREZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. SMITH, et al.,<br><br>　　　　Defendants. | Case No. 1:20-cv-00840-ADA-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING DOE DEFENDANT<br><br>(ECF Nos. 68, 80) |

　　　　Plaintiff Sandro S. Perez ("Plaintiff") is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On October 4, 2022, the assigned United States Magistrate Judge issued findings and recommendations, recommending Defendants' motion for summary judgment be denied because disputed facts exist as to whether Defendants were deliberately indifferent to Plaintiff's safety. (ECF No. 80.) The Magistrate Judge also recommended that Doe Defendant be dismissed from the action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (*Id.* at 18-20.) The findings and recommendations were served on the parties and contained notice that any objections were to be filed within twenty-one (21) days after service. (*Id.* at 20.) Defendants filed objections on October 18, 2022. (ECF No. 81.)

1       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a
2 *de novo* review of this case.  Having carefully reviewed the entire file, including Defendants'
3 objections, the Court finds the findings and recommendations to be supported by the record and
4 by proper analysis.

5       In their objections, Defendants note that Plaintiff's deposition contradicts the factual
6 allegations in his complaint, specifically those allegations relating to inmate Galindo.  (ECF No.
7 81 at 2.)  However, Defendants fail to cite any authority that supports that the Court is permitted
8 to weigh the credibility of a complaint's allegations against Plaintiff's deposition testimony.  In a
9 motion for summary judgment, the Court may not weigh the parties' evidence or assess their
10 respective credibility.  *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).
11 Although Plaintiff did not file an opposition, a verified complaint may be used as an opposing
12 affidavit under Rule 56 of the Federal Rules of Civil Procedure, as long as it is based on personal
13 knowledge and sets forth specific facts admissible in evidence.  *See Schroeder v. McDonald*, 55
14 F.3d 454, 460 nn. 10-11 (9th Cir. 1996).  Because Plaintiff's complaint is made under penalty of
15 perjury, (ECF No. 1), the Court considers it as part of the evidence in opposition to Defendants'
16 motion for summary judgment.  Whether Defendants had knowledge of inmate Quezada's
17 intention to harm an inmate, including Plaintiff, is a material fact to Plaintiff's claim against
18 Defendants.  Viewing the evidence in the light most favorable to the non-moving party, the
19 Court agrees with the Magistrate Judge's recommendation that there is a genuine issue of
20 material fact to Plaintiff's claim that Defendants acted with deliberate indifference to his safety.
21 Therefore, the Court finds that a reasonable jury may find that Defendants were aware of inmate
22 Quezada's threat to harm another inmate.

23       Defendants further argue that Plaintiff's inability to identify the officers who had
24 overheard Mr. Quezada express that he did not want to be placed in Avenal State Prison creates a
25 hearsay problem at trial.  (*Id.* at 3.)  The Court, however, finds that inmate Galindo may testify at
26 trial with respect to Defendants' knowledge of inmate Quezada's then-pending attack, and that
27 parties' counsel may examine the witness, which is an opportunity to attack or support a
28 witness's credibility.  *See* Fed. R. Evid. 608.  Defendants also argue that the findings and

recommendations erroneously rely on the allegations of post-incident comments. (*Id.* 3-4.) They rely on *Foster v. Div. of Adult Parole Operations*, 1:19-CV-00987-LJO-SAB, 2019 WL 4058582, at *5 (E.D. Cal. Aug. 28, 2019), to support that the Court may not consider post-incident action by Defendants to demonstrate knowledge.  Even without considering the evidence that took place after the December 18, 2018 attack, the Court still agrees that there is a genuine issue of material fact to Plaintiff's claim, and that a reasonable jury may find that Defendants were aware of inmate Quezada's threat to harm another inmate.

Accordingly,

1. The findings and recommendations issued on October 4, 2022, (ECF No. 80), are adopted in full;
2. Defendants' motion for summary judgment filed on April 22, 2022, (ECF No. 68), is denied;
3. The Doe Defendant is dismissed from the action pursuant to Federal Rule of Civil Procedure 4(m); and
4. The matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:   December 20, 2022

UNITED STATES DISTRICT JUDGE

3